UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN V. BYNG,

        Plaintiff,

    -v-                             6:25-CV-377

SOCIAL SECURITY ADMINISTRATION,
UTICA, NY FIELD OFFICE (UFO); PAUL
REJMAN, FIELD OFFICE MANAGER; UFO
EMPLOYEE TODD; UFO EMPLOYEE BRIAN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

KEVIN V. BYNG
Plaintiff, *Pro Se*
1514 Genesee Street
Utica, New York 13502

DAVID N. HURD
United States District Judge

## **ORDER ON REPORT & RECOMMENDATION**

    The instant action arises from a dispute over Social Security benefits. On March 26, 2025, plaintiff Kevin V. Byng ("plaintiff"),[1] acting *pro se*, commenced an action by filing a complaint against defendants Social Security

---

[1] While the initial filing in this matter was, in part, a petition for a writ of mandamus, the Court will refer to Mr. Byng as plaintiff for the very reasons set forth by U.S. Magistrate Judge Paul J. Evangelista in the Report & Recommendation. Dkt. No. 8.

Administration, Utica, New York Field Office ("SSA"); Field Office Manager (FOM) Paul Rejman ("FOM"); UFO Employee Todd; and UFO Employee Brian (collectively "defendants").[2]  Dkt. No. 1.  Plaintiff seeks a writ of mandamus to compel defendants to issue him "backpay" and re-issue "missing" checks for Supplemental Security Income ("SSI").  *Id.*  In addition, plaintiff seeks to proceed against all defendants, both in their official and individual capacities, for certain violations of his constitutional rights under both the United States and New York State Constitutions.  *Id.*  Plaintiff also moved to proceed *in forma pauperis* (the "IFP Application").[3]  Dkt. No. 2.

On November 17, 2025, U.S. Magistrate Judge Paul J. Evangelista granted plaintiff's IFP Application and conducted a sufficiency review of his complaint pursuant to 28 U.S.C. § 1915.  Thereafter, Judge Evangelista advised by Report & Recommendation ("R&R") that: (1) insofar as plaintiff's complaint seeks a writ of mandamus with respect to a waiver of overpayment, that request should be denied without prejudice or leave to amend; (2) plaintiff's request for a writ of mandamus as to SSI backpay and missing checks be denied without prejudice but with leave to amend *only if* plaintiff names solely the SSA as a defendant; (3) insofar as plaintiff seeks

---

[2] Plaintiff brings suit against the three (3) individual defendants in both their official and individual capacities.  Dkt. No. 1.

[3] Plaintiff filed two additional submissions in support of his complaint.  Dkt. Nos. 4, 6.

the Court to review any denial of waiver of overpayment pursuant to 42 U.S.C. § 405(g), that request should be denied without prejudice but with leave to amend *only if* defendant demonstrates complete exhaustion, timeliness, and names solely the Commissioner of the SSA as a defendant; (4) plaintiff's claims brought pursuant to the New York State Constitution as to all defendants should be dismissed without prejudice and without leave to amend for failure to satisfy the pleading requirements set forth under Federal Rule of Civil Procedure ("Rule") 8; (5) plaintiff's Fourteenth Amendment claims against the SSA and the defendants in their official capacities be dismissed without prejudice and without leave to amend because such claims are barred and fail to satisfy the pleading requirements set forth under Rule 8; (6) plaintiff's Fourteenth Amendment claims against defendants in their individual capacities be dismissed with prejudice and without leave to amend as there is no recognized cause of action under the Fourteenth Amendment; and (7) plaintiff's request for the appointment of counsel be denied without prejudice but with leave to renew.  Dkt. No. 8 at 8–31.[4]  Plaintiff has not filed any objections and the deadline to do so has passed.  *See id.*

---

[4] Pagination corresponds to CM/ECF headers.

Upon review for clear error, Judge Evangelista's R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 8) is ACCEPTED and ADOPTED in all respects;

2. Insofar as plaintiff's complaint seeks a writ of mandamus with respect to a waiver of overpayment pursuant to 28 U.S.C. § 1361, that request is DENIED without prejudice and without leave to amend;

3. Plaintiff's request for a writ of mandamus as to backpay and "missing" checks, pursuant to 28 U.S.C. § 1361, is DENIED without prejudice but with leave to amend ***only if*** plaintiff exclusively names the Commissioner of the Social Security Administration as defendant;

4. Insofar as plaintiff seeks this Court to review any denial of waiver of overpayment pursuant to § 405(g), it is DENIED without prejudice but with leave to amend, but ***only if*** plaintiff demonstrates: (1) complete exhaustion; (2) timeliness; and (3) names only the Commissioner of the Social Security Administration as defendant;

5. Plaintiff's claims brought pursuant to the New York State Constitution are DISMISSED without prejudice and without opportunity to amend;

6. Plaintiff's Fourteenth Amendment claims against defendants in their official capacities are DISMISSED without prejudice and without opportunity leave to amend;

7. Plaintiff's Fourteenth Amendment claims against defendants in their individual capacities will be DISMISSED with prejudice and without leave to amend for failure to state a claim;

8. Plaintiff's request for the appointment of counsel is DENIED without prejudice but with leave to renew; and

9. Plaintiff has thirty (30) days from the date he is served with this Decision & Order to amend where permitted to do so and, in the event that plaintiff does not amend within this timeframe, this matter shall be closed and judgment entered accordingly without further Order of this Court.

The Clerk is further directed set deadlines accordingly and serve a copy of this Decision & Order to plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: December 10, 2025
       Utica, New York.